UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

      -v.-                                  :    13 Civ. 5886 (AKH)

DEAN BRUCE,                                  :

        Defendant.                        :

- - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW OF THE UNITED STATES IN OPPOSITION TO
PETITIONER DEAN BRUCE'S MOTION PURSUANT TO
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**


PREET BHARARA
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007


JONATHAN COHEN
Assistant United States Attorney
    - Of Counsel -

## TABLE OF CONTENTS

BACKGROUND.................................................... 1

ARGUMENT...................................................... 4

I.   APPLICABLE LAW .......................................... 4

II. DISCUSSION............................................... 6

CONCLUSION.................................................. 10

Dean Bruce (the "Petitioner") moves to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255 (the "Motion" or "Petition"). Bruce concedes that he has "miss[ed] the one-year cutoff" for filing a timely habeas petition. (Pet. 1).[1] However, he now maintains that he is entitled to relief because he is a derivative United States citizen, despite the fact that he has pled guilty to committing illegal reentry following a felony offense, in violation of Title 8, United States Code, Section 1324(a), on two prior occasions, September 1, 2004, and September 7, 2011. (Pet. 2). For the reasons set forth below, this claim is meritless and the Motion should therefore be denied.

## BACKGROUND

On September 1, 2004, Bruce pled guilty to a four-count information, charging Bruce with: (i) conspiring to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1), based on a prior conviction on December 7,

---

[1] "Pet." refers to Bruce's habeas petition, filed on or about August 19, 2013; "Supp. Pet." refers to Bruce's supplemental petition, which appears to be dated October 6, 2013; "PSR" refers to the Presentence Investigation Report dated October 25, 2006; "Request" refers to the Request for Court Action, dated January 25, 2011.

1989, of criminal sale of a controlled substance in Kings County, New York; (iii) using and carrying a nine-millimeter Smith & Wesson firearm during a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c); and (iv) illegally reentering the United States, subsequent to a felony conviction, in violation of Title 8, United States Code, Section 1324(a).  (PSR 4).  On or about November 29, 2006, this Court sentenced Bruce principally to a sentence of forty months' imprisonment, to run concurrently on the counts, and a term of supervised release of four years.

On February 7, 2007, Bruce was transferred from the custody of the Bureau of Prisons to the custody of the Bureau of Immigration and Customs Enforcement.  (Request 2).  On March 10, 2007, Bruce was deported to Jamaica.  On January 11, 2011, Bruce was arrested in Phoenix, Arizona, under the name "Dawayne Emmanuel Joseph" and in possession of 25 pounds of marijuana, which he admitted to purchasing for $12,500.  (Request 2-3). The United States Probation Office charged Bruce with two specifications:  committing illegal reentry on or about January 11, 2011 (Specification One); and committing the state crime of possession of marijuana for sale, in violation of the Arizona Revised Statutes Sections 13-3401, 13-3405, 13-3418, 13-301, 13-302, 13-303, 13-304, 13-701, 13-702 and 13-801 (Specification

2

Two).  (Request 2-3).  On September 7, 2011, Bruce admitted Specification One before this Court.  On the same day, this Court sentenced Bruce to a term of 18 months' imprisonment, to run consecutive to the state sentence on the charge that was the subject of Specification Two.  Bruce is currently in federal custody, with an estimated release date of July 10, 2014, according to the Federal Bureau of Prisons website.

The instant motion, filed by Bruce on or about August 19, 2013, seeks relief on only one ground:  that Bruce's conviction should be vacated because he is a derivative citizen of the United States.  Bruce concedes that his Petition is not timely, but argues that his untimeliness should be overlooked because "no reasonable juror would find Bruce guilty after hearing new evidence of [Bruce's] 'actual innocence.'"  (Pet. 1).  Bruce asserts that he is the step-child of a naturalized United States citizen, a woman named Linda Dewar.  (Pet. 2).  Bruce bases his claim for relief entirely on the argument that -- despite the fact that Ms. Dewar naturalized <u>after</u> Bruce turned 18 years of age, which defeats his claim under the relevant statute -- the Court should nonetheless grant Bruce derivative citizenship pursuant to its equitable powers.  (Pet. 7).

As set forth below, Bruce's Motion is meritless because: (i) this Court may not invoke its equitable power to confer

3

citizenship on an individual *nunc pro tunc* in violation of the conditions set by Congress; and (ii) even if the Court did have power to do so, the Court should not exercise such power in the instant case.

### ARGUMENT

## I.   APPLICABLE LAW

Former section 321(a) of the Immigration and Nationality Act ("INA") provides that:

> A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
> (4) <u>Such naturalization takes place while such child is under the age of eighteen years</u>; and
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

4

Title 8, United States Code, Section 1432(a) (repealed 2001) (emphasis added).

This provision was replaced by the Child Citizenship Act of 2000 ("CCA").  Pub. L. No. 106-395, 116 Stat. 1631, but continues to apply to cases, such as this one, in which the alien claiming derivative citizenship turned eighteen before the CCA's effective date of February 27, 2001.  See Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir. 2003).

Section 1433(a) permits parents who achieve citizenship to naturalize their foreign-born children only if the child is under eighteen at the time of the naturalization of the parent. See Nerghes v. Mukasey, 274 F. App'x 417, 419 (6th Cir. 2008).

Congress has explicitly stated that the procedures prescribed by the INA constitute the "sole procedure" by which a person may become naturalized as a United States citizen.  8 U.S.C. § 1421(d) ("[A] person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this subchapter and not otherwise.") The language "not otherwise" precludes naturalization by judicial application of the equitable doctrine of estoppel, or by any judicially created *nunc pro tunc* procedure.  See United States v. Pangilinan, 486 U.S. 875, 882 (1988).  In Pangilinan, the Supreme Court recognized Congress's exclusive constitutional

5

authority over naturalization.  As a result of this exclusive power, an alien can become an citizen "only upon terms and conditions specified by Congress."  Id. at 884.  Accordingly, the Supreme Court made clear that "the power to make someone a citizen of the United States has not been conferred upon the federal courts, like mandamus or injuction, as one of their generally applicable equitable powers."  Id. at 883-84.  If Congress has set specific statutory limits on a naturalization provision, "[n]either by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of these limitations."  Id. at 885.

II.   **DISCUSSION**

Bruce maintains that his step-mother is Linda Dewar, who naturalized on February 24, 1989.  (Pet. 2; Pet. Exh. D).  Bruce encloses with his petition a birth certificate with a date of birth of August 13, 1970.  (Pet. Exh. F).  Accordingly, Bruce concedes that he was not under 18 years of age at the time of Ms. Dewar's naturalization.  This alone is fatal to Bruce's claim, for the statute requires Bruce to have been under 18 years of age in order for him to have acquired derivative citizenship, 8 U.S.C. § 1432(a), and this Court is not permitted under the law to confer citizenship outside of this statutory

limit.  Pangilinan, 486 U.S. at 882.

Bruce appears to cite two cases, Poole v. Mukasey, 522 F.3d 259 (2d Cir. 2008), and Calix-Chavarria v. Attorney General of the United States, 182 Fed. App'x 72, 2006 WL 1308568 (3d Cir. 2013), in support of the argument that Bruce should enjoy derivative citizenship in spite of the governing statute's language because Ms. Dewar submitted her application for naturalization before Bruce's eighteenth birthday.  (Pet. 5-8 ("in short, under both poole [*sic*] and Calix-Chavarria, Bruce claim for derivative citizenship is an essential jurisdictional fact")).

Bruce cites to Calix-Chavarria, 182 Fed. App'x at 72, characterizing it as "remanding with apparent approval of the Attorney General, for the agency to consider whether 'the Child Status Protection Act of 2002 . . . amended the Immigration and Nationality Act to provide' age out protection for individuals who were children at the time naturalization application filed." (Pet. 7-8).  Yet Bruce does not bring to the Court's attention the Third Circuit's ultimate ruling on Calix-Chavarria's case, that "[u]nder [Pangilinan], we lack the authority to exercise our equitable powers to confer citizenship upon an alien where the statutory requirements for naturalization have not been met and, accordingly, we must deny his petition."  Chavarria-Calix

v. <u>Attorney General of the United States</u>, 510 F. App'x 130, 2013
WL 203393 (3d Cir. 2013).  The Third Circuit went on to state
that "[i]t is fundamental that 'the power to make someone a
citizen of the United States has not been conferred upon the
federal courts . . . as one of their generally applicable
equitable powers.'"  <u>Chavarria-Calix</u>, 510 F. App'x at 133
(quoting <u>Pangilinan</u>).  Moreover, the Court specifically denied
the precise argument that Bruce asks this Court to accept here,
holding that "the reasoning of the CSPA [Child Status Protection
Act] cannot be extended to Chavarria-Calix's case" because
Congress expressly excluded individuals in Chavarria-Calix's
position (which is also Bruce's position) from relief.  <u>Id.</u> at
134.  "Where Congress explicitly enumerates certain exceptions
to a general prohibition, additional exceptions are not to be
implied, in the absence of evidence of a contrary legislative
intent."  <u>Id.</u> (quoting <u>Andrus</u> v. <u>Glover Constr. Co.</u>, 446 U.S.
608, 616-17 (1980)) (internal quotations omitted).  The
Chavarria-Calix panel found "no indicia of such a contrary
intent here."  <u>Id.</u>

Bruce also cites an intermediate ruling in <u>Poole</u> v.
<u>Mukasey</u>, 522 F.3d 259 (2d Cir. 2008) (remanding the case to the
Board of Immigration Appeals ("BIA") for further proceedings),
without bringing to this Court's attention the Second Circuit's

8

ultimate decision that Poole's claim is without merit, <u>Poole</u> v. <u>Holder</u>, 363 Fed. App'x 82 (2d Cir. 2010).  In Poole's case, the intermediate panel remanded the case "to the BIA to determine what relief, if any, might be accorded to Poole with respect to his claim for derivative citizenship."  <u>Poole</u> v. <u>Mukasey</u>, 522 F.3d at 266.  Ultimately, however, both the BIA and the Second Circuit denied Poole's petition:

> Petitioner argues that the BIA incorrectly held that it does not have the power to grant derivative citizenship *nunc pro tunc*. Even assuming *arguendo* that the BIA does have this power, however, petitioner has presented no evidence that the delay in processing his mother's naturalization application was 'untoward' or that his mother took any action to expedite the application in light of petitioner's age.

<u>Poole</u> v. <u>Holder</u>, 363 Fed. App'x at 83.

In the instant case, Ms. Dewar submitted the application that resulted in her naturalization on or about May 5, 1988. She was naturalized on February 24, 1989.  Even if the Court had the power to grant derivative citizenship *nunc pro tunc* -- which it does not, under <u>Pangilinan</u> -- it would not be appropriate to do so here, where there is no evidence of undue delay in processing the application and no evidence of Ms. Dewar taking any action to expedite the application in light of Bruce's age. <u>See</u> <u>Poole</u> at 83.  Moreover, because Bruce has not made and cannot make a showing of actual innocence here, his failure to

9

file his claim within the one-year period of limitations required under the Antiterrorism and Effective Death Penalty Act of 1996 is a second ground that compels dismissal of his motion. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

**CONCLUSION**

Because the Court does not have the power to grant derivative citizenship *nunc pro tunc* under Pangilinan, Bruce's argument that this Court "declar[e] petitioner a derivative United States citizen as a matter of law and in the interest of justice" is without merit and should be denied.  (Supp. Pet. 6).  Because Bruce's only claim clearly fails as a matter of law, the Court should also deny Bruce's motion for an evidentiary hearing, discovery and appointment of counsel.  (Pet. 3 ("[n]o additional fact-finding is necessary")).

Dated:     New York, New York
           March 24, 2014

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney

                         By:_____/s/_____
                            Jonathan Cohen
                            Assistant United States Attorney

10

**Certificate of Service**

I, Jonathan Cohen, Assistant United States Attorney in the Southern District of New York, hereby certify that on March 24, 2014, I caused a copy of the foregoing Memorandum of Law of the United States of America in Opposition to Petitioner Dean Bruce's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence be served via ECF and via U.S. mail on the following:

        Dean Bruce, Register #55737-019
        D. Ray James Federal Correctional Institution
        P.O. Box 2000
        Folkston, GA 31537


Dated:    New York, New York
          March 24, 2014

                    _____/s/_____
                    Jonathan Cohen
                    Assistant United States Attorney